<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE STATE OF NEW JERSEY, | : | Civil Action No. 15-65 |
| *Plaintiff*, | : | OPINION |
| v. | : | April 2, 2015 |
| TROY J. HENDERSON, et al., | : | |
| *Defendants*. | : | |

**ARLEO, UNITED STATES DISTRICT JUDGE.**

This matter comes before the Court on Defendant Troy J. Henderson's application to proceed *in forma pauperis* under 28 U.S.C. § 1915. Dkt. No. 3, Appl. For the reasons set forth herein, the Court finds that this case must be remanded in accordance with 28 U.S.C. § 1455. Plaintiff's motion to proceed *in forma pauperis* is therefore **DENIED** as moot and this case shall be remanded to the Superior Court of New Jersey, Union County, Criminal Division.

**I.   BACKGROUND**

Mr. Henderson filed a notice of removal with this Court on January 5, 2015, seeking to remove criminal proceedings against him that are now pending in Union County Superior Court. See Dkt. No. 1, Notice of Removal. Although the exhibits attached to Mr. Henderson's notice of removal are somewhat difficult to decipher, it appears that Mr. Henderson was indicted for second-degree possession of a handgun in violation of N.J.S.A. 2C:39-7b. See Dkt. No. 1-12 at 1. Mr. Henderson moved to dismiss the indictment on July 14, 2014. Id. at 1-2. It is unclear from Mr. Henderson's submissions whether a ruling has yet been made on that motion.

In his notice of removal, Mr. Henderson lists several grounds on which the removal is purportedly based. Specifically, he states that the criminal proceedings must be removed because, *inter alia*: (1) the Superior Court lacks subject matter jurisdiction; (2) his constitutional rights cannot be secured in state court; and (3) he filed a suit under 42 U.S.C. § 1983 in this Court on December 2, 2014. See Notice of Removal at 2. The Court notes that Mr. Henderson did indeed file a complaint on December 2, 2014, based on alleged violations of his rights as a result of the criminal prosecution at issue in this case. See Henderson v. Union County N.J., et al., Civil Action No. 14-7708, at Dkt. No. 1.[1] As stated above, Mr. Henderson then filed the notice of removal in the instant case approximately a month later on January 5, 2015.

**II. DISCUSSION**

Although Henderson does not cite it in his notice of removal, 28 U.S.C. § 1443 represents the only basis on which a state criminal defendant could remove the criminal proceedings against him. See 28 U.S.C. § 1443(1); Pennsylvania v. Randolph, 464 F. App'x 46, 46 n.1 (3d Cir. 2012). Accordingly, the Court will proceed under the assumption that Henderson is attempting to remove the pending criminal proceedings against him on that basis.

28 U.S.C. § 1455 sets forth the requirements that a state court criminal defendant must fulfill in order to successfully remove state proceedings to federal court. In addition, § 1455 provides guidance to the district court as to the process it should follow upon receiving the notice of removal. See 28 U.S.C. §§ 1455(b)(4)-(5). Specifically, § 1455(b)(4) directs the district court to "examine the notice promptly" and summarily remand the case if it is apparent "on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. §

---

[1] In addition, this Court granted Henderson's application to proceed *in forma pauperis* in that case on March 12, 2015. Civil Action No. 14-7708, Dkt. No. 6, Order.

1455(b)(4). Upon examination of Mr. Henderson's removal notice, the Court concludes that it is clear on the face of the notice that removal should not be permitted under 28 U.S.C. § 1443.

Section 1443(1) permits the removal of any state civil or criminal proceeding "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C § 1443(1).[2] The applicability of this subsection is exceedingly narrow and requires the state court defendant to satisfy a two-part test. Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997). First, the defendant must show "that he is being deprived of rights guaranteed by a federal law providing for equal civil rights." Id. (internal quotations and citation omitted). The Supreme Court has made clear that the "law[s] providing for equal civil rights" to which the statute refers are only those laws that are "stated in terms of racial equality." Georgia v. Rachel, 384 U.S. 780, 792 (1966). Second, the defendant must show that he either has been denied or is unable to enforce such a right in state court. Davis, 107 F.3d at 1047. The applicability of § 1443(1) is therefore narrowly cabined, and removal is not permitted where the defendant claims only that the criminal charges "were unconstitutional, that there was no basis in fact for those charges, or that their arrest and prosecution otherwise denied them their constitutional rights." In re Oke, 436 F. App'x 138, 139 (3d Cir. 2011) (quoting Johnson v. Mississippi, 421 U.S. 213, 222 (1975)) (internal quotations omitted).

Here, Mr. Henderson has failed to identify either in his notice of removal or in his parallel civil case any federal civil rights statute pertaining to racial equality that would be

---

[2] The Court need not discuss § 1443(2), since that subsection applies only to actions brought against "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood, Miss. V. Peacock, 384 U.S. 808, 824 (1966). Clearly, Mr. Henderson does not fall into any of those categories.

violated as a result of his prosecution in state court. Instead, Mr. Henderson seems to be complaining only, *inter alia*, that: (1) the criminal proceedings against him lack merit and the indictment should be dismissed; (2) his constitutional rights have been violated, presumably because of an allegedly illegal search under the 4th Amendment; (3) the matter is actually civil and not criminal and has already been adjudicated; and (4) the Superior Court lacks subject matter jurisdiction. The Court passes no judgment upon the merit of Mr. Henderson's claims, but they simply do not satisfy the requirements of § 1443(1). Mr. Henderson is welcome to advance his arguments in state court, which "provides him with a constitutionally-sound opportunity to establish the same." Mahan v. New Jersey, No. 14-5038, 2014 WL 4054029, at *2 (D.N.J. Aug. 15, 2014). The Court therefore concludes that this matter must be remanded to the Superior Court of New Jersey, Union County, Criminal Division.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's motion to proceed *in forma pauperis* is **DENIED** as moot and this case must be **REMANDED** to the Superior Court of New Jersey, Union County, Criminal Division. An appropriate order will follow.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**